[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ACCEPTANCE OF REPORT AND OBJECTION #161 AND #163
This action arises from an occurrence of December 31, 1988 at which time the plaintiff was shot and seriously injured by one David Salemme who was, at the time, a supernumerary policeman employed by the defendant City of Derby. Immediately thereafter, David Salemme shot and killed himself. The plaintiff alleges that certain employees, specifically police officers and officials of the defendant, were negligent in failing to protect her from David Salemme.
This case was tried before Attorney Trial Referee Andrew J. Broughel pursuant to Conn. Gen. Stat. § 52-434(a)(4). In addition to the plaintiff, testimony was received from the chief of police along with various other members of the police department.
On February 18, 1994, the attorney trial referee issued his report in which he concluded that the defendant was not liable to the plaintiff for the injuries inflicted upon her by David Salemme, and recommended that judgment enter in favor of the defendant. In his report, the attorney trial referee made certain findings of fact essential to the disposition of the plaintiff's cause of action.
Importantly, the attorney trial referee found that the conduct of the officers and employees of the defendant involved acts which were discretionary rather than ministerial in nature. See Conn. Gen. Stat. § 52-557n(a)(2)(B). Additionally and of similar significance, the attorney trial referee found that the plaintiff had not proven that it should have been apparent to the employees of the defendant that a failure to act on their part would likely subject her, as an identifiable person, to imminent harm. SeeGordon v. Bridgeport Housing Authority, 208 Conn. 161, 167 (1988);Shore v. Stonington, 187 Conn. 147 (1982); Sestito v. Groton,178 Conn. 520, 523-24 (1979).
The plaintiff filed a motion to correct which addressed, to a large extent, the findings of fact related to the above issues, which motion was denied by the attorney trial referee. The plaintiff then filed a request to the court essentially requesting that the court correct the report by making the requested findings. CT Page 4808 The court denied the plaintiff's request for the reason that the facts which the plaintiff sought to be added were facts which were in dispute.
The plaintiff has now objected to the acceptance of the report of the attorney trial referee on the basis that he should have found the following conclusions of fact:
 1. It was a foreseeable risk that Dawn Roman would be injured again by David Salemme if nothing were done to Salemme.
 2. Dawn Romano was an identifiable person subject to imminent harm from David Salemme.
 3. C.G.S. § 52-557n does provide that a municipality is liable for damages to a person caused by the negligent acts or omissions of such political subdivisions or any employee, officer or agent thereof acting within the scope of his employment or official duties.
 4. The defenses of good faith, lack of malice, privilege and qualified immunity do not apply to negligence actions or to actions against a municipality when the acts of the municipality are ministerial or the plaintiff is an identifiable person subject to harm.
 5. The obligation to tell superior officers and the Chief of Police of misconduct by another police officer is a ministerial act.
In reviewing the report of an attorney trial referee, a court cannot find additional facts or reject others unless a material fact has been found without evidence, or the referee has failed to find an admitted or undisputed fact. Dills v. Enfield, 210 Conn. 705,714 (1989). Therefore, it is not the function of the court to retry the case.
The court has thoroughly reviewed the transcript of the testimony in this case. There is a sufficient basis in the evidence to support the referee's conclusion that it was not apparent to the employees of the defendant that the plaintiff was an identifiable person subject to imminent harm. Also, to the CT Page 4809 extent that a determination of whether acts are discretionary or ministerial is an issue of fact, there is a sufficient foundation in the record to support the referee's conclusion in that regard. To the extent that such issue is a question of law, the great weight of authority is to the effect that the operation of a police department is a discretionary governmental function. Gordon v.Bridgeport Housing Authority, supra at p. 179.
In order to prevail in this case, the plaintiff was required to prove that she was injured due to a breach of a duty which was owed to her. She had to prove either that the breach of duty related to conduct which was ministerial in nature, or, if discretionary, that it was apparent to the defendant's employees that such a breach would subject her to the likelihood of imminent harm. According to the findings of the attorney trial referee, which findings are supported by the record, she failed to sustain her burden of proof.
Accordingly, the plaintiff's objection to acceptance of the attorney trial referee's report is overruled, and the defendant's motion for acceptance of that report is granted. Judgment may therefore enter in favor of the defendant in accordance with the referee's report.
Thompson, J.